43 F.3d 1472
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Darrell SIMMONS, Plaintiff-Appellant,
v.
CITY OF MARTIN, et al., Defendants-Appellees,
 No. 93-6212.
 United States Court of Appeals, Sixth Circuit.
 Dec. 13, 1994.
 
 Before: LIVELY and SUHRHEINRICH, Circuit Judges; and DUGGAN, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff, Darrell Simmons, appeals from the district court's findings of fact and conclusions of law made pursuant to Fed.R.Civ.P. 52. The district court conducted a bench trial and issued its decision on August 11, 1993. The court concluded that plaintiff was not entitled to recovery on his disparate treatment employment discrimination claims under 42 U.S.C. Sec. 1981, Sec. 1983 and Title VII, because defendants did not engage in illegal discrimination.
 
 
 2
 Plaintiff contends in his Fourteenth Amendment Equal Protection claim that defendant Mayor Carl Savage intentionally discriminated against plaintiff in the manner in which he composed a selection committee to recommend a new chief of police for the City of Martin, Tennessee. The function of the selection committee was to make a recommendation to the Board of Aldermen, who would make the final decision. The Board of Aldermen rejected plaintiff's application and selected Jackie Moore, a former Chief of Police.
 
 
 3
 The district judge found, as a fact, that the "sole basis" for the selection of Moore as Chief of Police, was politics. The Court further concluded "that the races of the applicants played absolutely no role in the Board's decision to hire Moore."
 
 
 4
 Plaintiff also contends that pursuant to Secs. 1981, 1983 and Title VII that political motivation is not a legitimate nondiscriminatory reason so as to preclude plaintiff from recovering on his disparate treatment claim.
 
 
 5
 We have carefully considered the arguments and the record on appeal, and concur in the district court's reasoning. The district court's conclusion that the sole motivation for such preselection was political is supported by the record. Furthermore, this Court rejects plaintiff's contention that political motivation is not a legitimate nondiscriminatory reason. In order to prevail on his claim, plaintiff must prove intentional discrimination. The district court's findings clearly show that plaintiff failed to prove intentional discrimination. Accordingly, for the reasons articulated by the district court, the decision of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation